UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TANYA BALKO,<br><br>            Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC and TRANS UNION, LLC, Defendants. | Case No.: 0:20-cv-1966<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>FCRA, 15 USC §1681e(b) & i |

Plaintiff Tanya Balko ("Plaintiff"), through Plaintiff's attorneys, alleges the following against Defendant Experian Information Solutions, Inc. ("Experian"), Defendant Trans Union, LLC ("Trans Union")

## INTRODUCTION

1. Count I and II of Plaintiff's Complaint are based upon the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* The FCRA is a federal statute that broadly regulates the credit reporting agencies and furnishers of credit information. Among other things, the FCRA prohibits credit reporting agencies and furnishers from reporting incomplete or inaccurate information on a consumer's credit report.

## JURISDICTION AND VENUE

2. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

3. Venue in this District is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

4. Defendants transact business here; as such, personal jurisdiction is established.

## PARTIES

5. Plaintiff Tanya Balko is a natural person residing in Marshall, Lyon County, Minnesota.

6. Plaintiff is a *consumer* as defined by the FCRA, 15 U.S.C. §1681a(c).

7. Defendant Experian is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f)). On information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer report*s, as defined in 15 USC 1681a(d), to third parties. Experian's principal place of business is located at 475 Anton Boulevard, Costa Mesa, California 92626.

8. Defendant Trans Union is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f)). On information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Trans Union's principal place of business is located at 555 West Adams Street, Chicago, Illinois 60661.

9. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. On or about August 5, 2019, Plaintiff filed for a voluntary bankruptcy under Chapter

7 of Title 11, the Bankruptcy Code, in the District of Minnesota (St. Paul), case number 19-32475.

11. During the bankruptcy process, Plaintiff reaffirmed her USDA Rural Housing Service ("USDA Rural Development") debt (#4111****) on or about September 17, 2019, meaning Plaintiff remained personally responsible for the debt and the same was *not* included in her bankruptcy discharge.

12. Plaintiff fully complied with the Bankruptcy; Plaintiff was discharged on or about October 29, 2019.

## Inaccurate Reporting

13. Plaintiff filed her bankruptcy and reaffirmed the debt with USDA Rural Development for the purpose of obtaining a fresh start and rebuilding her credit.

14. Plaintiff subsequently obtained her Experian, Trans Union, and non-party Equifax consumer credit reports to make sure the post-bankruptcy reporting was accurate.

15. Plaintiff discovered that Experian was reporting the USDA account inaccurately as "Discharged through Bankruptcy Chapter 7."

16. Plaintiff has continued to make timely payments on the USDA account.

17. Plaintiff's positive payment history on the USDA account is important to Plaintiff's efforts to reestablish her credit.

18. Experian's reporting was patently false and materially misleading as the USDA account was reaffirmed and was not discharged in Plaintiff's bankruptcy.

19. Plaintiff discovered that Trans Union was also reporting Plaintiff's USDA account inaccurately as having been included in Plaintiff's bankruptcy. Specifically, Trans

Union reporting the account as closed and "relationship terminated" on October 31, 2019 with "Chapter 7 Bankruptcy" in the remarks section.

20. Trans Union's reporting was patently false and materially misleading as the USDA account was reaffirmed and was not discharged in Plaintiff's bankruptcy.

21. Trans Union was not accurately reporting Plaintiff's positive payment history on the USDA account.

22. Trans Union knew or should have known that its reporting of the USDA account was inaccurate because it was reporting Plaintiff's other reaffirmed account as "CH 7 REAFFIRMATION OF DEBT."

### Plaintiff's Dispute Letters

23. On or about April 14, 2020, Plaintiff sent a letter to Experian and Trans Union, disputing their inaccurate reporting of Plaintiff's USDA account.

24. The letter specifically explained that Plaintiff did not include the USDA account in her bankruptcy, that she continued to be responsible for the debt, and that she has made all of her payments on time.

25. Upon information and belief, Experian and Trans Union received Plaintiff's dispute letter.

26. Upon information and belief, Experian and Trans Union forwarded Plaintiff's dispute to the USDA.

### Dispute Responses And Continued Inaccurate Reporting

27. On or about May 14, 2020, Experian responded to Plaintiff's dispute letter.

28. Experian's response letter indicated that the reporting of Plaintiff's USDA account

was "verified as accurate" and that Experian would continue to report the account as discharged in the Chapter 7 Bankruptcy.

29. On or about May 3, 2020, Trans Union responded to Plaintiff's dispute letter.

30. Trans Union's response letter indicated that Trans Union would continue to report the USDA account as included in the Chapter 7 Bankruptcy. Not only did Trans Union fail to correct its inaccurate reporting, but it added "Account included in Bankruptcy" to the account's pay status after conducting its reinvestigation.

## Damages

31. As a result of Defendants' conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain.

32. Defendants' conduct exacerbated Plaintiff's frustration during the already stressful post-bankruptcy period by making it more difficult for Plaintiff to rebuild her credit.

33. Defendants' conduct reduced Plaintiff's access to credit by reporting materially misleading and patently false information on Plaintiff's consumer credit report.

34. In or around July 2020, Plaintiff applied for and was denied credit from Mission Lane. The credit denial letter sent to Plaintiff indicated that Mission Lane's decision was based on information obtained from Plaintiff's Trans Union credit report.

35. Plaintiff was also denied credit from Capital One, in or around July 2020. Capital One's denial letter indicated that Plaintiff received a "custom risk score" of 823 (on a scale of 301-900).

36. Upon information and belief, Capital One calculated Plaintiff's "custom risk score" based on inaccurate information obtained from Plaintiff's Experian and Trans Union

credit reports.

## COUNT I
### Defendants Experian and Trans Union
### (Violations of the FCRA, 15 U.S.C. § 1681 *et seq*)

37. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38. Defendant Experian and Trans Union violated the FCRA. Defendants' violations include but are not limited to:

39. Defendants violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

40. Defendants reported Plaintiff's USDA account as included in the bankruptcy when the Account was reaffirmed.

41. Further, the FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or it must delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

42. The FCRA further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency

received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

43. Defendants failed to conduct a reasonable reinvestigation of the inaccuracy that Plaintiff disputed in violation of 15 U.S.C. § 1681i:

    a. Defendant Experian verified the USDA account as being accurately reported and continued to report the account as included in bankruptcy.

    b. Defendant Trans Union continued to report the USDA account as included in bankruptcy. After conducting its reinvestigation, Trans Union began reporting the account's pay status as "Account included in Bankruptcy," thereby increasing the amount of inaccurate information being reported by Trans Union on Plaintiff's credit report.

44. Defendants failed to review and consider all relevant information submitted by Plaintiff.

45. Defendants' inaccurate reporting of Plaintiff's USDA account, and failure to conduct a reasonable reinvestigation, has caused Plaintiff to suffer, stress, anxiety, headaches, frustration, and emotional and mental pain and anguish, a decreased credit score and credit denials.

46. Defendants' acts, as described above, were done willfully and knowingly.

47. As a result of the foregoing violations of the FCRA, Defendants are liable to Plaintiff for actual, statutory and punitive damages, as well as attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tanya Balko respectfully requests judgment be entered against Defendants for the following:

a. Declaratory judgment that Defendants Experian Information Solutions, Inc., and Trans Union LLC violated the FCRA;

b. Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

c. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

d. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

e. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

f. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

g. Any other relief that this Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this (15) day of September 2020.

By: */s/Christopher Dunn*
Christopher Dunn
Bar Number: 0400686
Attorney for Plaintiff Michele Beers
**Hoglund, Chwialkowski & Mrozik, PLLC**
1781 Country Road B West
Roseville, MN 55113
Telephone: (651) 628-9929

Email: chip.dunn@hoglundlaw.com